

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

NOV 05 2010

J. T. NOBLIN  CLERK
BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### (Western Division)

ROBERT EASTMAN,

      Plaintiff,

v.

MISSISSIPPI VALLEY SILICA COMPANY,

      Defendant,

HARTFORD FINANCIAL SERVICES GROUP,

      Garnishee-Defendant.

Civil Action No. 5:10CV175 DCB-JMR

**NOTICE OF REMOVAL**

Garnishee-Defendant, Hartford Financial Services Group, Inc. ("Hartford"), pursuant to 28 U.S.C. §§ 1441(a) and 1332, hereby files this Notice of Removal of this action from the Circuit Court of Warren County, in the State of Mississippi, to the United States District Court for the Southern District of Mississippi, and states as follows:

      1.      On or about October 1, 2010, Plaintiff Robert Eastman ("Eastman") filed a Suggestion for Writ of Garnishment (the "Suggestion for Writ") and an accompanying Writ of Garnishment (the "Writ") in the Circuit Court of Warren County in the State of Mississippi, where the action is currently pending under Civil Action No. 07,0132-CI (the "Garnishment Action").

      2.      Hartford's resident agent in Connecticut, Corporation Service Company, was served with copies of the Writ and the Suggestion for Writ on October 12, 2010.

3.     The Writ states that final judgment in the underlying action, *Eastman v. Mississippi Valley Silica Co.* (the "Underlying Action"), was entered in favor of Eastman against the Mississippi Valley Silica Company ("MVS") in the Circuit Court of Warren County in the amount of One Million Nine Hundred and Sixty Thousand dollars ($1,960,000.00) plus post judgment interest accruing annually at the rate of eight (8) percent beginning on November 9, 2009 as well as court costs.  (Writ at 1).

4.     Eastman alleges that Hartford issued an insurance policy to MVS and that Hartford is indebted to MVS and/or possesses effects of MVS.  (Suggestion for Writ at 1).

5.     Eastman seeks to compel Hartford to answer two questions, relating to the extent, if any, of Hartford's alleged indebtedness to MVS and Hartford's knowledge of other parties indebted to MVS.  (Writ at 2).

6.     Eastman demands that Hartford's alleged indebtedness to MVS be bound by and subject to the lien of the judgment in full satisfaction of the Underlying Action judgment. (Suggestion for Writ at 1).  Eastman further demands judgment against Hartford in the sum of One Million Nine Hundred and Sixty Thousand dollars ($1,960,000.00) plus post judgment interest and court costs.  (Suggestion for Writ at 2).

7.     Hartford received no pleadings prior to being served with the copies of the Writ and Suggestion for Writ on October 12, 2010.

8.     The time in which Hartford must answer or otherwise respond to these pleadings has not elapsed, and Hartford has not yet filed an answer or other pleading in the Garnishment Action.

9.     This Notice is filed within thirty days after Hartford's receipt of the initial

pleadings in the Garnishment Action as required by 28 U.S.C. § 1446(b).

10.     This Court has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1332, and the action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).  As set

forth below, there is complete diversity of citizenship, and the amount in controversy exceeds

$75,000.

11.     Upon information and belief, Plaintiff Eastman is a citizen of the state of

Mississippi.

12.     Garnishee-Defendant Hartford is a Delaware insurance company with its

principal place of business being Connecticut.

13.     Upon information and belief, Defendant MVS is an inactive Delaware

company, with its former principal place of business being Louisiana.  Therefore, complete

diversity exists between the parties as required by 28 U.S.C. § 1446(b).[1]

14.     A garnishment action is separate from the underlying action, and it is

therefore, independently subject to removal. *See Freeman v. Walley*, 276 F. Supp. 2d 597, 598-

99 (S.D. Miss. 2003) (ruling that "'a garnishment proceeding is a 'civil action' within the

meaning of § 1441(a),' and is therefore subject to removal, and that a garnishment action 'exists

---

[1]     Further, for diversity purposes, MVS should be disregarded as a nominal party to the
Garnishment Action.  In garnishment actions, the defendant named in the underlying action is
disregarded and does not affect the court's diversity considerations. *See Moore v. Sentry Ins. Co.*,
399 F. Supp. 929, 931 (S.D. Miss. 1975) (holding that a defendant in the underlying state court
action is not a proper party to garnishment proceedings and does not destroy diversity).
Moreover, MVS should be considered a nominal party because no controversy or cause of action
against MVS is presented in Eastman's Writ or Suggestion for Writ, and final judgment has
already been entered against MVS in the separate Underlying Action. *See Butler v. Polk*, 592
F.2d 1293, 1295 (5th Cir. 1979) ("[G]arnishment actions against third-parties are generally
construed as independent suits, at least in relation to the primary action."); (Writ at 1).

3

separate and apart from the primary action that established the judgment debt which provides the foundation for the right of action against the garnishee'") (quoting *Johnson v. Great Am. Ins. Co.*, 213 F. Supp. 2d 657, 660-61 (S.D. Miss. 2001)); *see also Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986) (holding that garnishment actions against third parties are "independent actions from the primary action which established the judgment debt"); *Butler*, 592 F.2d at 1295-96. Eastman's Underlying Action against MVS, in which final judgment has already been entered, is separate from the presently pending Garnishment Action.

15.    Garnishment actions are not "direct actions" pursuant to 28 U.S.C. § 1332(c) for purposes of determining an insurer's citizenship in diversity cases, and for this reason, a garnishee-insurer retains its own citizenship and is not deemed to be a citizen of the state where the insured is a citizen. *See Mabins v. ALFA Ins, Co.*, No. 2:10cv130-KS-MTP, 2010 U.S. Dist. LEXIS 70492, at *1 (S.D. Miss. June 23, 2010) (denying motion to remand on grounds that "an insurance company retains its own citizenship in a garnishment action because a writ of garnishment is not a direct action, as contemplated by 28 U.S.C. § 1332(c)(1)"); *see also Estate of Davis v. Magnolia Healthcare, Inc.*, No. 4:05cv122-P-B, 2006 U.S. Dist. LEXIS 43129 (N.D. Miss. June 23, 2006) (holding that insurer retains citizenship in garnishment action); *Roberts v. Magnolia Healthcare, Inc.* No. 4:05cv149-P-B, 2006 U.S. Dist. LEXIS 43081 (N.D. Miss. June 23, 2006) (same).  Thus, complete diversity exists in the instant Garnishment Action between Plaintiff Eastman and Garnishee-Defendant Hartford.

16.    The matter in controversy in the present action exceeds the sum of $75,000, the minimum jurisdictional limit of this Court in a diversity case. *See* (Writ at 1, Suggestion for Writ at 2).

17.     Written notice hereof is being provided to the parties and a copy of the Notice of Removal will be filed with the Circuit Court of Warren County in accordance with 28 U.S.C. § 1446(d).

18.     True and legible copies of all process, pleadings, papers, and orders served upon Hartford in the Garnishment Action to date are attached hereto as Exhibits 1-4, in accordance with 28 U.S.C. § 1446(a).

WHEREFORE, Garnishee-Defendant Hartford requests that this action be removed from the Circuit Court of Warren County, in the State of Mississippi, to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1441(a) and that no further proceedings be had in the Garnishment Action.

Respectfully submitted,

By: *George Abdo*

George Abdo, MS Bar No. 9782
Daniel Coker Horton & Bell, PA
4400 Old Canton Road, Suite 400
Post Office Box 1084
Jackson, MS 39215-1084
Telephone: (601) 969-7607
Facsimile: (601) 969-1116
Email: gabdo@danielcoker.com

Counsel for Garnishee-Defendant
Hartford Financial Services Group, Inc.

Date: November 5, 2010

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### (Western Division)

ROBERT EASTMAN,

      Plaintiff,

v.

MISSISSIPPI VALLEY SILICA COMPANY,

      Defendant,

HARTFORD FINANCIAL SERVICES GROUP,
INC.,

      Garnishee-Defendant.

Civil Action No. _____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of November, 2010, a copy of the
foregoing Notice of Removal and accompanying letter to the Clerk of the Court were served, via
first class mail to:

      John T. Givens
      Timothy W. Porter
      Patrick C. Malouf
      Porter & Malouf, P.A.
      Post Office Box 12768
      Jackson, MS 39236-2768

      Counsel for Plaintiff

      and

      R. Allen Smith, Jr.
      The Smith Law Firm, P.L.L.C.
      681 Towne Center Blvd, Suite B
      Ridgeland, MS 39157

Counsel for Plaintiff

and

Robert Eastman

Plaintiff

In Care Of:
John T. Givens
Timothy W. Porter
Patrick C. Malouf
Porter & Malouf, P.A.
Post Office Box 12768
Jackson, MS 39236-2768

R. Allen Smith, Jr.
The Smith Law Firm, P.L.L.C.
681 Towne Center Blvd, Suite B
Ridgeland, MS 39157

and

Mississippi Valley Silica Company

Defendant

In Care Of:
John Cosmich
Cosmich Simmons & Brown, P.L.L.C.
Post Office Box 22626
Jackson, MS 39225-2626


George Abdo, MS Bar No. 9782
Daniel Coker Horton & Bell, PA
4400 Old Canton Road, Suite 400
Post Office Box 1084
Jackson, MS 39215-1084
Telephone: (601) 969-7607

Facsimile: (601) 969-1116
Email: gabdo@danielcoker.com

Counsel for Garnishee-Defendant
Hartford Financial Services Group, Inc.

5:10cv175 DCB-JMR

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert Eastman

**(b)** County of Residence of First Listed Plaintiff    Warren
(EXCEPT IN U.S. PLAINTIFF CASES)

**(C)** Attorney's (Firm Name, Address, and Telephone Number)

John T. Givens, Esq.
Porter & Malouf, P.A.
P. O. Box 12768
Jackson, MS 39236-2768
601-957-1173

## DEFENDANTS

Hartford Financial Services Group, Inc.

County of Residence of First Listed Defendant    State of Connecticut
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

George F. Abdo, III, Esq.
Daniel Coker Horton & Bell, P.A.
P. O. Box 1084
Jackson, MS 39215
601-969-7607

NOV 05 2010

J. NOBLIN, CLERK

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
   Plaintiff

☐ 2 U.S. Government
   Defendant

☐ 3 Federal Question
   (U.S. Government Not a Party)

☒ 4 Diversity
   (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "x" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. &Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 791 Empl. Ret Inc. | ☐ 871 IRS-Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 (diversity of citizenship with amount in controversy in excess of $75,000)
Brief description of cause:    Writ of garnishment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,960,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE

November 5, 2010

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

#341643006379

# EXHIBIT 1



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

WAS / ALL
Transmittal Number: 8088387
Date Processed: 10/12/2010

**Primary Contact:**
Mr. Michael Johnson Law Department
The Hartford
One Hartford Plaza
Law Department
Hartford, CT 06105

| | |
|---|---|
| **Entity:** | The Hartford Financial Services Group, Inc.<br>Entity ID Number  2341014 |
| **Entity Served:** | Hartford Financial Services Group, Inc. |
| **Title of Action:** | Robert Eastman vs. Mississippi Valley Silica Company |
| **Document(s) Type:** | Garnishment/Withholding |
| **Nature of Action:** | Garnishment/Withholding |
| **Court:** | Warren County Circuit Court, Mississippi |
| **Case Number:** | 07,1032-CI |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 10/12/2010 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | John T. Givens<br>601-957-1173 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# EXHIBIT 2

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

**ROBERT EASTMAN**                                                                    **PLAINTIFF**

**VS.**                                                                 **CIVIL ACTION NO. 07,0132-CI**

**MISSISSIPPI VALLEY SILICA COMPANY**                               **DEFENDANT**

**HARTFORD FINANCIAL
SERVICES GROUP, INC.**                                        **GARNISHEE-DEFENDANT**

### WRIT OF GARNISHMENT

**STATE OF MISSISSIPPI
COUNTY OF WARREN**

**TO:    ANY PERSON AUTHORIZED TO SERVE PROCESS (PROCESS SERVER)**

WHEREAS, Robert Eastman, recovered a Final Judgment by Order in the Circuit Court

of Warren County, on the 13th day of April, 2010, for the sum of One Million Nine Hundred and

Sixty Thousand dollars ($1,960,000.00) plus accrued post judgment interest at the rate of eight

(8) percent annum from and after the date of November 9, 2009 until paid in full and court costs

against Defendant, Mississippi Valley Silica Company.  The Judgment has not been satisfied,

and said Plaintiff having made proper suggestion for writ of garnishment against Hartford

Financial Services Group, Inc., Garnishee-Defendant, whose agent for service of process is:

>   **CORPORATION SERVICE COMPANY**
>   50 Weston Street
>   Hartford, Connecticut 06120-1537

We, therefore, command you to summon said Hartford Financial Services Group, Inc.,

Garnishee, pursuant to Miss. Code Ann. § 11-35-27 to answer within thirty (30) days of the date

of delivery of this Writ of Garnishment under oath in writing the following questions and to

deliver or mail within said time a copy of their answer to Porter & Malouf, P.A., P.O. Box

12768, Jackson, MS  39236, attorneys for Plaintiff.  The original Garnishee's Answer must be

filed with the Clerk of this Court. **FAILURE TO ANSWER, AS REQUIRED, WILL RESULT IN JUDGMENT AGAINST GARNISHEE IN THE AMOUNT OF THE GARNISHMENT**.

**FIRST:** Whether you or either of you be indebted to any of the Defendants, individually or jointly, or were so indebted at the time of the service of the writ on you or either of you, or have at any time since been so indebted; and if so indebted, at what sum, whether due or not, and when due or to become due and how the debt is evidenced and what interest it bears. Said indebtedness is to include, but not be limited to, all insurance policies that were in full force.

**SECOND:** Whether you know or believe any person is indebted to the Defendant, individually or jointly, or either or them; and if so, whom, and what amount and where he resides.

YOU ARE REQUIRED TO WITHHOLD One Million Nine Hundred and Sixty Thousand dollars ($1,960,000.00) plus accrued post judgment interest at the rate of eight (8) percent annum from and after the date of November 9, 2009 and court costs until paid in full.

WITNESS MY SIGNATURE this the ___ day of October, 2010.

SHELLEY ASHLEE PALMERTREE
CIRCUIT CLERK OF WARREN COUNTY

By: _____, D.C.

2

Prepared and Submitted by:

John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi  39236-2768
Telephone:   (601) 957-1173
Facsimile:    (601) 957-7366

3

RECEIVED BY

OCT 0 4 7010

PORTER & MALOUF

# EXHIBIT 3

## IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

ROBERT EASTMAN                                          **PLAINTIFF**

VS.                                          **CIVIL ACTION NO. 07,0132-CI**

MISSISSIPPI VALLEY SILICA COMPANY                      **DEFENDANT**

HARTFORD FINANCIAL
SERVICES GROUP, INC.                      **GARNISHEE-DEFENDANT**

### SUGGESTION FOR WRIT OF GARNISHMENT

The undersigned attorney for the Plaintiff, Robert Eastman, in the above-styled cause respectfully shows that on or about April 13, 2010, a Final Order was entered in favor of the Plaintiffs against the Defendant Mississippi Valley Silica Company, for the sum of One Million Nine Hundred and Sixty Thousand dollars ($1,960,000.00) plus accrued post judgment interest at the rate of eight (8) percent annum from and after the date of November 9, 2009 until paid in full and court costs; that an execution may be issued upon said judgment; and that Hartford Financial Services Group, Inc. Garnishee-Defendant herein had issued an insurance policy to Mississippi Valley Silica Company that was in full force, and whose agent for service of process Corporation Service Company, 50 Weston Street, Hartford, Connecticut 06120-1537. Hartford Financial Services Group, Inc. is indebted to the Defendant Mississippi Valley Silica Company and/or possesses effects of the Defendant.

Plaintiffs demand that any indebtedness of the Garnishee-Defendant to the Defendant, at the time of service of process therefore, be bound by and subject to the lien of the judgment including accrued post judgment interest and court costs and further that it be appropriated to the satisfaction of the judgment with payments to be applied to accrued interest first then to principal until the entire principal balance is paid.

**FILED**

2

Further, Plaintiffs demand judgment against the Garnishee-Defendant, Hartford Financial

Services Group, Inc., in the sum of One Million Nine Hundred and Sixty Thousand dollars

($1,960,000.00) plus accrued post judgment interest to date and costs of court.

DATED, this the 30th day of September, 2010.


Respectfully submitted,

By: _____
John T. Givens, *Attorney for Plaintiff*


Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
John T. Givens, MSB No. 101561
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi 39236-2768
Telephone:   (601) 957-1173
Facsimile:   (601) 957-7366

R. Allen Smith, Jr., MSB No. 99984
THE SMITH LAW FIRM, P.L.L.C.
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi 39157
Telephone:   (601) 952-1422
Facsimile:   (601) 952-1426

2

RECEIVED BY

OCT 0 4 2010

PORTER & MALOUF

# EXHIBIT 4

**CERTIFIED MAIL**

*PORTER & MALOUF, P.A.*
ATTORNEYS AT LAW
P. O. Box 12768
Jackson, Mississippi 39236

7006 3450 0001 2438 0229

neopost℠
10/05/2010
US POSTAGE
$05.71⁰

ZIP 39157
041L11216615



Hartford Financial Services Group, Inc.
c/o Corporation Service Company
50 Weston Street
Hartford, Connecticut 07120-1537